**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30157 |
| Plaintiff-Appellee, | D.C. No. 9:13-cr-00034-DWM |
| v. | |
| JONATHAN LEE OLIVER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jonathan Lee Oliver appeals from the district court's judgment and

challenges the 100-month sentence imposed following his guilty-plea conviction

for wire fraud, in violation of 18 U.S.C. § 1343; money laundering, in violation of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 1957; and structuring, in violation of 31 U.S.C. § 5324(a)(1). We dismiss.

Oliver contends that the district court procedurally erred in determining that his prior North Dakota state misdemeanor conviction for fleeing or attempting to elude a police officer should score a criminal history point under U.S.S.G. § 4A1.2(c). The government argues that this appeal should be dismissed based on the appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011), we dismiss. Oliver's waiver of "any and all right to directly appeal any aspect of the sentence" unambiguously encompasses the claim he raises on appeal. *See id*. Contrary to Oliver's contention, the provision of the plea agreement that authorizes him, under certain circumstances, to collaterally attack his sentence under 28 U.S.C. § 2255 does not permit this direct appeal.

**DISMISSED.**